Good morning. I was asked to discuss with particularity the Notice of Appeal, or what my client filled out on, the EOIR 26 Notice, and although I did not actually write this notice, I came in afterwards, I know the attorney, and I thought that it was stated quite well. That we simply actually wanted this child to remain consolidated with his family. What is the present state of the family's case? They are pending an appeal to the Board of Immigration Appeals. They themselves, I believe, were denied suspension, deportation, or cancellation, or removal. Has the government ever said why they didn't want to put them together? Well, they were, the I.J. Fong separated them very deliberately back at the time of one of the earlier calendar hearings, when he determined that there was no qualifying relative, there was no relief for this child, and I believe he stated that he had a congressional mandate to do that. I thought, as I read the record, Mr. Arts, I thought he said that he didn't think that he had the authority to grant an extension beyond the 45 or 90 days, whatever the regulation provides. That's how I read the transcript. Did I misread it? I am not familiar with the 45 days. I don't know what that would be referring to. Well, he made some reference to the fact that he thought that either the statute or the regulation, I'm not sure which he was referring to, essentially limited him in the amount of time that he could grant the continuance on, and that he gave the longest continuance that he thought he was permitted to give under the law. Hmm. I don't recall that at all, because as far as I know, there is no limit. A judge is an I.J. has. I remember the ACF for the regulation on continuances is for good cause and there's no limit. But essentially he he was asked, was he not to simply defer action on the child's case until that of the parents? Right. Was was resolved. And he said, I just don't have any authority to do that for an unlimited period of time. I'm sure government counsel can point us to the. Yeah. In his in his oral decision, which I was the court is a quote from Judge Fon. The court clearly notes the mandate of Congress in its recent amendments to I.I. Rye 1996 Immigration Act. Noting that immigration judges only have the authority to grant a maximum 120 days for clear voluntary departure relief, a maximum of 60 days in the case of an alien after seeking alternative relief would be in violation of the mandates and designed authority to continue a matter when an alien is clearly statutorily ineligible for the relief being sought upon the claims being applied for. Right. That's what I was thinking. So why is it an abuse of discretion for the immigration judge to abide by the statute? And whatever regulations have been enacted in denying the request to delay this case indefinitely for however long it takes the BIA to resolve the case against the parent? Well, I'd like to say that he the application by everyone was for discretionary relief and it involved the consideration of many equities. And there is a sort of an inequity in separating a clearly minor child, 10 years old at the time, from the rest of his family in this matter. Even if there is no clear statutory prescription for relief, if the law was new, the law was going to be written. And indeed, as my brief pointed out in Rosinas, there has been consideration in regards to just these kind of children. But counsel, if the parents have been denied relief as well, don't they have the option of voluntary departure and then the family can reunite in their native country? Correct. However, the family is not yet obligated to depart since they are pending their appeal to the Board of Immigration Appeals. I think we understand your argument. Yeah. Okay. All right. Do you want to reserve? I'll reserve the rest of my time. Okay. Thank you, counsel. Cunningham. Thank you, Your Honors. Good morning. John Cunningham from the Department of Justice on behalf of the Attorney General, who is the respondent in this case. I will try my best, as I always do, going second in oral arguments, to fold my remarks into the discussions the Court's already had with my colleague. I do want to point out, though, just for the record, and I know the Court wants to discuss the notice of appeal issue, that we have a waiver argument in this case. The only issue that was properly before the Court was whether the Board acted properly in summarily dismissing the petitioner's appeal from the order of the immigration judge. My colleague, though — And that was the only issue before which court? That would have been properly before you, Your Honor. Right. But it was not discussed in the opening brief. That's correct, Your Honor. And so our argument to you, at least in the context of this case, you need not to and ought not to get to the notice of appeal issue because the only issue that you could have addressed properly has been waived. That said, I also want to clarify — minor aliens case should have been remanded. Are you saying that we don't have jurisdiction to address that issue? Well, I — well, jurisdiction is — Are you saying it's not properly before us? That's correct, Your Honor. I don't want to get into jurisdiction because that is a — And why is that not properly before us? Because my colleague didn't brief it. He didn't waive — he didn't argue that case. He argued only — oh, I'm sorry. Let me — okay, let me clarify that. You know the cases that give us discretion. You waive it if you brief it. You brief the issue in your brief. We included a protective argument, Your Honor, in a footnote. So that's a waiver if we so choose to make it. You know the law on that. Well, I hope, Your Honor, it doesn't do that because — Well, you know the law is that — that is the law. You know that, don't you? We included a footnoted protective argument, Your Honor. No, but you know that is the law. Do you come here not knowing that? I do not concede that that is the law, Your Honor. Do you know Turner against Griggis? Yes, Your Honor. Do you know Henry Riverside-Lyndon? We — yes, Your Honor, I do. But we — we articulated that argument in the context of our brief only as a protective matter in course — in case the Court should find that a waiver by my colleague was not present in this case. I don't think the government should be penalized for offering a protective argument just in case the Court shouldn't find that a waiver was there. Well, that's what you'd be doing. You take your chances. It's not unfair to you if you've already thought about it. So I think you — well, I wouldn't rely heavily on that. All right, then I'll discuss the rest of the case, Your Honor. I appreciate that. In the context of Judge Rawlimson's question, the board never reached the merits of the immigration judge's decision. And so for that reason, it's our position that the only issue that would have been promptly before you via a petition for review was the propriety of the summary dismissal. Mr. Cunningham, could you explain to me the significance of what appears to me, because I've read it in several of the board's orders, of this line? I'm referring to the record at page 2, which is the board's order summarily dismissing the appeal. Moreover, upon review of the record, we are not persuaded that the immigration judge's ultimate resolution of this case was an error. Certainly, Your Honor. As the Court knows, that is a boilerplate sentence that appears in all of the board's orders of this kind. What the board is saying there, the regulation that permits the board to summarily dismiss an appeal for failure to file a brief is discretionary. And what the board is saying there is we have checked the record, and just to make sure there is no reason why in our discretion we should not summarily dismiss, we find no such reason. Therefore, and I think this is borne out, my argument is borne out by the last sentence in the board's order. It says, accordingly, we find that summary dismissal is appropriate. And then the board returns to the regulation that authorizes summary dismissals. But isn't that an implication that the board looked at the merits? I think it's an implication. Well, it's a statement, Your Honor, that the board looked at the record of the case to see whether there was any reason why summary dismissal was not appropriate in this case. And that included at least peeking at the merits? It could. It could. We don't know exactly what the board looked at here. I think it's probably fairly reasonable to assume that the board looked at the fact that the petitioner's attorney below issued file a notice of appeal and said she would file a brief, and then asked for an extension of time to file a brief, and never filed a brief. Can we fairly say, then, that the board did not resolve the issue of the deferral? Can we fairly say that in light of the language that Judge Tallman inquired about? I think you can, Your Honor, in light of the language that follows the final sentence of the board's order. But don't we have to look at the entire ruling rather than segmenting out various parts of it? Well, that's true, Your Honor. That's true. So we should just ignore that sentence? No. I think you should read the sentence in the appropriate context, which is that it appears as part of a board's order that says we are summarily I think we've made this point in our brief. First, for failure to file a brief, and second, on the merits. That's done all the time. Not in these kinds of cases, Your Honor. The board here is issuing a summary order, and it is explaining why it's in its discretion. It found that summary dismissal was appropriate. It is a little confusing, then, if the board is really relying on summary dismissal, that that language would be in there. If they've made an election, if the board, if it has made an election to do a summary dismissal, then that language is superfluous. I would agree with you, Your Honor. I would agree with you that the language technically is probably superfluous. I think it's an indication of the issue. But I'm not sure we should assume that on the part of the board. That's fair enough, Your Honor. Thank you. Mr. Cunningham. Yes, sir. Maybe you could explain what the interest of the United States is in deporting a minor without his parents. Yes, Your Honor, I will. And I will do so by first addressing a point of information. You had a conversation with my colleague at the beginning of his presentation. You asked what's the status of the parents' case. He said that they are on appeal before the board. That is not the case. The board issued orders, according to the board's website, which I checked the other day, the board issued orders on January 13th of this year dismissing the parents' appeal. Will you give us that information so we can have it? Yes, certainly, Your Honor. So I understand that now that maybe they're all together. But to begin with, didn't you, the service, have any discretion to say, well, we won't press this until we have the parents' case decided? Certainly, Your Honor. It would save a lot of time. You wouldn't have to be here. Certainly, Your Honor. The procedure was explained by the immigration judge to the petitioner's lawyer. Right, but then you went on with this appeal. You didn't ask, you didn't try that awful process at all. They went on with the appeal, yes. That's correct, Your Honor. They went on with the appeal. The process would be for the petitioner or the petitioner's lawyer to go to the INS and say, we have a final order of removal, and we're not really challenging that. But my colleagues or my client's parents may be able to get cancellation of removal. Would you please not execute this removal order until the parents' cases are decided? The immigration judge said, that is what you should do, but that must go, you must take that to the INS. I cannot do that. And the INS has that power to simply put a case on the back burner. Did you really exercise that discretion? As far as I know, yes, it would be an exercise of discretion, Your Honor. But as far as I know, that was not done on behalf of this petitioner. I don't know why, but it wasn't done. That would be the correct decision. Did they just went ahead with their notice of appeal? Yes, Your Honor. They just went ahead. As far as I know, I have no information that a request was made to the INS to defer this case until the parents' cases were decided. I think that that is the thrust of my argument, that the immigration judge did everything he could. He explained the deferred action procedure to the petitioner's attorney, said you must take that to the INS. I can't do that for you. What I will do is exercise the maximum of my statutory authority to grant voluntary departure, and that is 60 days. And I will do that. Your client is qualified. I will give him 60 days to voluntarily depart. After that, it's a matter of the INS listening to your arguments as to why voluntary departure, I'm sorry, why deferred action would be appropriate. The judge did everything he could. And then the notice of appeal that followed simply said the judge abused his discretion by not doing what he had already explained he couldn't do. Now, if you're going to make that argument to the Board of Immigration Appeals under Rojas Garcia, you need to at least give the Board a reason why the immigration judge abused his discretion by not doing something that he had no power to do. This notice of appeal didn't do that. And for that reason, at least in the context of this case, if you get to this issue, and it's still my position that you ought not to, but if you get to it, you should simply find that the Board did not abuse its discretion in summarily dismissing this appeal, and Rojas Garcia certainly supports this, and deny the petition for review. I have one more question. I don't want to make you totally responsible for it, but a month after the Board's decision in this case, our court handed down the decision in Rojas Garcia against the INS with a court composed of Judge Fernandez, Judge Rawlinson, and Judge Reed. And we suggested that the BIA stop fossicking about the principle which animates our decisions. Have they stopped fossicking? I'm sorry, Ron. I didn't quite get the... No, I know what the word fossicking means, but I didn't quite catch the context of your question. I'll give you the whole sentence. Certainly. But lest we see one ametrope of EOI R26 after another, because we leave the BIA fossicking about for the principle which animates this and other of our decisions, perhaps we should say a few more words. They go on to suggest the BIA do something about their form in the summary dismissal. Well, I think, actually... Has that message gotten... I hope so, Ron. I can't speak for the Board. I hope so. I hope so. The Board, I hope, reads all the decisions from this court. The form is actually pretty good now. I mean, it has been... It does give people clear warnings as to what might happen if you don't... I think it was pretty much the same form. He was the judge... I'd have to check that, your Honor. I'm not sure. But the message, I hope, has sunk in. If there are no further questions? I think the form here, it says it was revised in April of 96, so we're dealing with the old form. In Vargas? Yes. Thank you, Mr. Connolly. I thank the Court for its attention. Mr. Arts? Mr. Arts, let me just ask you, one of the things that troubles me about this case is we have an appeal based on a failure to file a brief after the alien had indicated that he would do so with the Board, and then we have an opening brief on appeal in this court, and you don't address that issue. And frankly, I'm troubled by the fact that we have a compounding of the error here, and I'd like to know what your explanation is for omitting any reference to the real issue before this court, which is whether the BIA erred in dismissing summarily the appeal for failing to file a supporting brief. Well, it seems to have fallen between the gap between the previous lawyer and myself. I would often contract to write her BIA appeal brief, and there have been many instances where the briefs have either the response to the extension of the appeal, and request has not been forthcoming, or various mishaps of losing briefs. But under the pressure of writing the various briefs that I had four to do at the time when I wrote this brief in the fall, it was my own negligence for omitting that point. And I'm grateful that you did cite the sentence, the one sentence in the order that I felt did address the merits of the case, which is what I only wanted to get to. We're trying to get to the heart of these things, but what I'm really saying to you is, if you don't address these points in your opening brief, it makes our job harder, because we have to sort of root through these files and try and figure out what the best argument is that you meant to make to us, but then when we go to your brief, it isn't there. And I appreciate your candor, and hopefully... Oh, yeah, I mean, this is, I really started working in the Ninth Circuit this past fall, and I've been becoming more and more conscious of all these. Actually, it's kind of a threshold procedural issue, isn't it? It is, and it can be as positive as counsel is arguing. Yeah. It's a real mine that you can step on. Yes, and I was very grateful that you had decided that other case where we could focus on the notice of appeal, which was better written in this case than it has been at the time. Anything further, Mr. Arnott? Again, I wish that the dealings with the Department of Homeland Security, it is now, or one of their bureaus was also more regular in that. I understand the argument from respondent that what IJ Fong was telling me to do was go negotiate with them. And I wish there was more regular opportunities to negotiate with them because they seem capable of extending voluntary departure, which would say have saved many a case of mine. Okay. Thank you, Mr. Arnott. The case just argued is submitted.
judges: Noonan, Tallman, Rawlinson